```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
```

**ALBERTO BELIZAIRE,**

                      **Plaintiff,**

      -against-

**CITY NEW YORK, et al.,**

                      **Defendants.**

**MEMORANDUM
AND ORDER**

**12-CV-1511 (WFK)**

```
----------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of plaintiff's letter-motion to compel the production of certain documents, see Motion to Compel (Mar. 7, 2013) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #25, and defendants' objection thereto. See Response in Opposition (Mar. 11, 2013) ("Def. Opp."), DE #29. In connection with plaintiff's demand for *Monell* pattern-and-practice discovery (Document Requests Nos. 30, 31, 32, 37), defendants ask this Court (over plaintiff's objection) to bifurcate or sever the *Monell* claim in this action until after the trial of the individual defendants, and to stay *Monell* discovery in the interim. See Def. Opp. at 1-5.

      Because it is the role of the trial court to determine whether trial should be bifurcated, the undersigned magistrate judge consulted with the District Judge assigned to this case, the Honorable William F. Kuntz, II, who advised that he will *not* bifurcate the *Monell* claim. Consequently, no reason exists for staying *Monell* discovery.

      The remaining disputed items (Document Request Nos. 33 through 36) consist of

training materials and rules and regulations. Whether or not these materials are themselves admissible, the Court rejects defendants' contention that such documents are "not reasonably calculated to lead to the discovery of admissible evidence." Def. Opp. at 6.[1] Defendants do, however, persuasively argue that certain aspects of these demands concern issues that are no longer in the case. For example, as plaintiff reportedly has agreed to withdraw his claims concerning his 2011 arrest, see Def. Opp. at 5, plaintiff has no need for training materials in effect in July 2011. In addition, according to defendants, plaintiff testified at his deposition that he was not strip-searched subsequent to the 2009 incident. See id. Therefore, he has no need for materials relating to strip searches, which are among the documents demanded in Document Request No. 33.

Plaintiff's motion for a compulsion order is therefore granted in part and denied in part, to the extent indicated above.

**SO ORDERED.**

**Dated:** Brooklyn, New York
March 13, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Although defendants also contend that these demands are "unduly burdensome," Def. Opp. at 6, they make no show whatsoever regarding the extent of the burden.