# ROSE M. WEBER

ATTORNEY AT LAW

225 BROADWAY • SUITE 1607
NEW YORK, NEW YORK 10007

FAX: (212) 233-5633                                                TELEPHONE: (212) 748-3355

March 19, 2013

**BY ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Alberto Belizaire v. City of New York, et al.*, 12 CV 1511 (WFK) (RLM)

Your Honor:

        Plaintiff in the above-referenced matter writes in response to defendants' letter to the Court of yesterday's date, requesting that the discovery deadline be extended for two purposes.

        To the extent that plaintiff, at his recent deposition, identified potential witnesses who had not previously been identified (i.e., persons other than Hamassi Ronate, Shelley, and Tonya), plaintiff does not object to defendants being permitted to take their depositions after the close of discovery.

        Plaintiff does, however, object to defendants' request that discovery be extended so that they may obtain records of all of plaintiff's other arrests. Defendants have been on notice since February 7, 2012 (the date of plaintiff's 50-h examination) that he has an extensive arrest history. Mr. Blackman has also known since January 15, 2013 (the date on which plaintiff responded to defendants' discovery requests) that plaintiff objected to producing releases for his other arrests. For whatever reason, defendants chose to wait until 10:40 p.m. on the day that discovery closed to move to compel, and the request should be denied on that basis.[1]

---

[1] Furthermore, defendants' claim that "courts in this Circuit consistently agree that the information relating to plaintiff's prior and subsequent arrests including arrest records is relevant

Thank you for your consideration in this matter.


Respectfully,

/s

Rose M. Weber (RW 0515)

cc:     Duane Blackman, Esq. (by ECF)

---

for purposes of discovery" is incorrect.  In her well-reasoned opinion in *Ligon v. City of New York*, No. 12 Civ. 2274, 2012 WL 2125989 (S.D.N.Y. June 12, 2012), Judge Scheindlin recently reached exactly the opposite conclusion.